USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/25/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DENNIS CLARENCE,

                              Petitioner,

                           -against-

TF CORNERSTONE INC., 505 W 37TH LLC, JASON
KONOLD, MARGARET NIEVES,

                            Respondents.

1:25-mc-00468-MKV

**ORDER**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff brings this miscellaneous action *pro se*. [ECF No. 1 ("Aff.")]. Plaintiff has also filed an application to proceed *in forma pauperis* ("IFP"). [ECF No. 2 ("IFP App.")].

Plaintiff's miscellaneous case initiating document, which is styled as an "affidavit and notice of coercion, duress, and unauthorized assignment of lease credits," does not appear to be an appropriate use of this Court's docket. Aff. at 1. Specifically, Plaintiff's initiating document does not appear to comply with Rule 8 of the Federal Rules of Civil Procedure as it fails to clearly state a cause of action against any Defendant. Plaintiff appears to submit the affidavit to "give notice" that he has not voluntarily counter-signed his residential lease agreement and that he does not consent to have his "commerce, credit, or lease interests assigned to any third-party entity for profit or resale" or "to any transfer or commercial use of" his personal identifying information "for purposes beyond the original lease intent." Aff. at 1-2. Under the header "Rights and Legal Basis," Plaintiff asserts his right to contract under 42 U.S.C. § 1983, and he "reserves the right to control" his credit and financial identity under the Truth in Lending Act (15 U.S.C. § 1601 *et seq.*), the Fair Credit Billing Act (15 U.S.C. § 1667 *et seq.*), and the Consumer Credit Protection Act (15 U.S.C. § 1681 *et seq.*). Aff. at 2. In turn, Plaintiff requests as relief that his "affidavit and notice be received and recorded" by this Court "to preserve the matter for future proceedings, administrative

review, or potential judicial consideration." Aff. at 2. Plaintiff is on notice that the Court does not maintain cases on its docket to preserve them for future developments or potential consideration. S*ee Dresser-Rand Co. v. Ingersoll Rand Co. Ltd.*, No. 18-CV-3225 (AJN), 2020 WL 6822989, at *3 (S.D.N.Y. Nov. 20, 2020) ("Core to the case-or-controversy requirement of Article III is that federal courts adjudicate present disputes; they do not issue advisory opinions on cases that may or may not arise in the future."). Accordingly, IT IS HEREBY ORDERED that, **on or before December 22, 2025**, Plaintiff shall file an amended complaint that "contain[s] sufficient factual matter, accepted as true" to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Failure to plausibly allege a claim may result in *sua sponte* dismissal of Plaintiff's complaint.

Further, upon careful review, Plaintiff's IFP application is deficient. IFP App. Where, as here, an applicant "fails to explain how he supports himself, courts generally regard his application as incomplete and insufficient to establish an entitlement to *in forma pauperis* status." *Jones v. ACS/Queens Field Off.*, No. 23-CV-5742, 2024 WL 2818138, at *1 (E.D.N.Y. June 3, 2024); *see also Mgaresh v. City of New York*, No. 25-CV-5591 (EK)(JAM), 2025 WL 3035170, at *1 (E.D.N.Y. Oct. 30, 2025) ("When an *IFP* affidavit fails to fully and candidly explain[ ] how [the plaintiff] supports himself, *in forma pauperis* status is inappropriate.") (alterations in original) (citation omitted). Despite claiming to have no income, Plaintiff's affidavit fails to candidly explain how he is otherwise supporting himself, *see generally* IFP App., especially so given Plaintiff otherwise states that he has consistently paid his residential rent on a bi-weekly basis, Aff. at 2. Indeed, Plaintiff simply writes "N/A"—not applicable—to a host of questions he must answer should he wish to proceed IFP. For example, Plaintiff answers "N/A" to the final listed question in paragraph 3 of his application, which requires that he explain how he is "paying [his] expenses"

where, as here, the affiant answered "No" to all the previous questions listed in paragraph 3.  IFP App. at 1-2.  Plaintiff further answers "N/A" to question 4 of his application which requires Plaintiff to state how much money he has "in cash or in a checking, savings, or inmate account."  IFP App. at 2.  Accordingly, IT IS FURTHER ORDERED that Plaintiff's IFP Application is DENIED without prejudice.  IT IS FURTHER ORDERED that Plaintiff, **on or before December 22**, shall submit an updated IFP application or pay the required costs and fees.

*Plaintiff is on notice that failure to comply with this Order or with any order of the Court or failure to comply with the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules, or the parties' discovery or other obligations thereunder may result in sanctions, including monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence.*

**SO ORDERED.**

**Date:   November 25, 2025**
      **New York, NY**

_____
         **MARY KAY VYSKOCIL**
         **United States District Judge**